IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DANNY WILSON,**  **PETITIONER**
MDOC Inmate No. 199858

v.   CIVIL ACTION NO. 5:22-cv-69-DCB-BWR

**COMMISSIONER BURL CAIN**  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Danny Wilson's Petition [1] under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody and Motion [6] for Leave to Amend Petition. The Petition challenges Wilson's 2015 conviction for first-degree murder in the Circuit Court of Claiborne County, Mississippi. Respondent, Commissioner Burl Cain, has filed a Motion [7] to Dismiss, asserting that Wilson's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submission of Petitioner, Respondent, the record, and relevant law, the undersigned concludes that Wilson's Petition is time barred, Respondent's Motion [7] to Dismiss should be granted, the Petition [1] dismissed with prejudice, and the Motion [6] for Leave to Amend Petition denied as futile.

### I. BACKGROUND

On September 16, 2015, a jury convicted Wilson of first-degree murder. Ex. [8-6] at 79-80. Through counsel, Wilson appealed his conviction and sentence. The Mississippi Court of Appeals affirmed Wilson's conviction on March 13, 2018. *Wilson v. State*, 256 So. 3d 25 (Miss. Ct. App. 2018), *cert. denied*, 254 So.3d 171, (Miss. 2018).

Wilson, through counsel, filed an "Application for Leave to File Motion for Post-Conviction Relief and For Leave to Proceed in the Mississippi Supreme Court" (PCR Motion) in the Mississippi Supreme Court on May 22, 2019. Ex. [8-13] at 8-25. The Mississippi Supreme Court denied Wilson's PCR Motion on June 26, 2019. *Id.* at 6.

On September 1, 2022, Wilson, now *pro se*, filed a second PCR Motion with the Mississippi Supreme Court. Ex. [7-3] at 1-29. The Mississippi Supreme Court denied Wilson's second PCR Motion on September 14, 2022. Ex. [9-2].

Wilson is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed in the Marshall County Correctional Facility (MCCF). This Court received his Petition on August 12, 2022. The Petition challenged his judgment of conviction and sentence from the Circuit Court of Claiborne County.

In Wilson's Petition and Motion in Traverse, he argues that his petition is not time-barred because he is entitled to equitable tolling due to the Covid-19 pandemic. Pet. [1] at 22-23; Mot. [9] at 5-7. Wilson further argues that, even if his claim is time-barred, the Court can reach the merits of his petition because he has a valid claim for actual innocence and because his sentence is illegal. Pet. [1] at 22-3; Mot. [9] at 8-16. Wilson also filed a Motion for Leave to Amend Petition on September 1, 2022 so that he could add newly discovered evidence to his Petition. Mot. [6].

On September 14, 2022, Respondent filed a Motion to Dismiss, arguing that the Petition was untimely because Wilson only had until February 21, 2020 to file a § 2254 petition challenging his conviction and sentence. Mot. [7] at 5. Respondent asserted that Wilson was only entitled to 36 days of statutory tolling total (taken into

account in the deadline above) and no equitable tolling. *Id.* at 5-8. Respondent also asserted that Wilson failed to submit a valid claim of actual innocence to overcome the federal habeas limitations period and that Wilson's "illegal sentence" argument is invalid. *Id.* at 8-12. Wilson responded with a "Motion in Traverse" on October 11, 2022. Mot. [9].

## II. DISCUSSION

A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> i. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

    made retroactively applicable to cases on collateral review; or

  D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 ii. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for postconviction relief is pending in state court. *See Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). "Additionally, a court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

B. Analysis

 i. **Wilson's Federal Habeas Petition is Untimely**

Wilson was convicted and sentenced in Claiborne County on September 16, 2015. Ex. [8-6] at 79-80. The Mississippi Court of Appeals affirmed on March 13, 2018. *Wilson,* 256 So. 3d 25. The Mississippi Supreme Court denied certiorari on October 18, 2018. *Wilson,* 254 So. 3d 171. Wilson's conviction and sentence became final ninety days after the Mississippi Supreme Court denied certiorari (when the time for

seeking a writ of certiorari in the United States Supreme Court expired). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13. Wilson's conviction and sentence became final on January 16, 2019 (October 18, 2019 plus ninety days). Absent statutory or equitable tolling, Wilson had one year from January 16, 2019, or until January 16, 2020, to file a § 2254 petition challenging his conviction and sentence.

### ii. Wilson is Entitled to Thirty-Six Days of Statutory Tolling

Wilson is entitled to statutory tolling under 28 U.S.C. §2244(d)(2) because he timely filed a PCR Motion in the Mississippi Supreme Court on May 22, 2019. Ex. [8-13] at 8-25. The Mississippi Supreme Court denied that motion on June 26, 2019. *Id.* at 6. Wilson is entitled to statutory tolling for the time period between May 22, 2019 and June 26, 2019 (thirty-six days). 28 U.S.C. § 2244(d)(2). With statutory tolling, Wilson's federal habeas petition was due in this Court on February 21, 2020 (January 16, 2020 plus thirty-six days). 28 U.S.C. § 2254(d)(2).

### iii. Wilson is Not Entitled to Equitable Tolling

Wilson is not entitled to equitable tolling. "Equitable tolling of AEDPA's one-year limitations period is available only in rare and exceptional circumstances," and it "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). The decision whether to grant or deny equitable tolling is left to the district court's discretion and requires the court to "examine each case on its facts to determine whether it presents

sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Jackson*, 933 F.3d at 410.

Wilson argues that this Court should grant him equitable tolling because "Covid-19 . . . has played a staggering part in [his] appeal process" and "[d]ue to [MDOC's] many quarantines." Pet. [1] at 23; *see also* Mot. [9] at 6-7 (expounding how Covid-19 prevented Wilson from timely filing). The time period for Wilson to timely file a habeas petition ran from January 16, 2019 until February 21, 2020, a time period before the Covid-19 lockdowns and limitations that Wilson complains of began. *See Hedrick v. Barnes*, No. 5:21-cv-34-DCB-MTP, 2021 WL 5862101, at *3 (S.D. Miss. Aug. 23, 2021), *report and recommendation adopted sub nom.*, 2021 WL 4554483; *see also Blake v. Cain*, No. 4:20-cv-103-DMB-RP, 2021 WL 4979014, at *2 n.4 (N.D. Miss. Oct. 26, 2021) ("The limitations period . . . began to run on February 27, 2019, and expired on February 27, 2020. Because the deadline for filing his federal habeas petition began to run and expired before the pandemic substantially impacted this country, it does not serve to equitably toll the limitations period for his habeas claims."). Thus, Wilson cannot show any "extraordinary circumstances" that prevented his timely filing a petition. *See Menominee Indian Tribe of Wis.*, 577 U.S. at 255.

Additionally, Wilson has not shown that he "pursu[ed] his rights diligently." *Id.* To make such showing, Wilson must "demonstrate a causal relationship between the extraordinary circumstance and his delay," which cannot be shown if "petitioner, acting with reasonable diligence, could have filed on time notwithstanding the

6

extraordinary circumstances." *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021) (quoting *United States v. Perkins*, 481 F. App'x 114, 118 (5th Cir. 2012)). Wilson does not allege diligent pursuit. He neglects to explain why he could not have filed his petition on time in light of the fact that his limitations period took place almost entirely, if not entirely, before the Covid-19 pandemic and the ensuing lockdowns. *See Castoreno v. Lumpkin*, No. 5:22-cv-0957-JKP, 2022 WL 17650610, at *4 (W.D. Tex. Dec. 12, 2022). Given this, and the fact that Wilson waited over three years after the Mississippi Supreme Court denied his first PCR Motion on June 26, 2019 to file his September 1, 2022 PCR Motion and August 12, 2022 federal habeas petition, Wilson did not diligently pursue his rights. *See Smith*, 848 F. App'x at 628; *Page*, 2021 WL 4227059, at *3; *Turner v. Mississippi*, No. 3:21-cv-00235-MPM-JMV, 2022 WL 125028, at *3 (N.D. Miss. Jan. 12, 2022); Ex. [8-13] at 8-25; Ex. [7-3] at 1-29; Pet. [1].

    **iv.   Wilson Does Not Have a Valid Actual Innocence Claim**

Wilson's claim of "actual innocence" is also unavailing. Pet. [1] at 22, 26; Mot. [9] at 8-14. Habeas relief is not granted based on actual innocence alone. Actual innocence, if proven, only enables a petitioner to proceed on the merits of their habeas petition. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). To succeed, Wilson must show that "new reliable evidence" exists and that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach

7

of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

In support of his actual innocence claim, Wilson points to Jakaria Young's testimony that the victim of his crime, Rovell Mays, hit Wilson with a gun prior to Wilson's offense and Thelma Wilson and James Hicks' testimony regarding past violence towards Wilson. Pet. [1] at 9; Mot. [9] at 10; Ex. [8-2] at 22-23; Ex. [9-3]. Wilson also points to evidence that Mays was a danger to society and that Mays boasted openly about his violence. Mot. [9] at 8-9. Specifically, Wilson calls attention to Mays' social media posts from October and August of 2014, two other individuals' social media posts from May, 2016 and February, 2018 (both made post-Mays' death and both picturing Mays), and an arrest warrant for Mays. Pet. [1] at 17; Ex. [6-3]; Ex. [6-4]; Ex. [6-5]; Ex. [6-6] at 1-2; Mot [9] at 9-11. Wilson neither possesses evidence of the arrest warrant nor indicates the date on the warrant. Finally, Mays argues actual innocence based on a toxicology report dated January 23, 2015 showing Mays' Ethyl Alcohol level at his time of death.[1] Ex. [6-6] at 3. All the "new" evidence Wilson points to goes to his theory of self-defense.

The Mississippi Court of Appeals already considered and rejected Wilson's actual innocence claim based on the "new" testimony that Mays possessed a gun the

---

[1] It is unclear how this evidence impacts Wilson's guilt. Wilson claims the report "substantiat[es] Petitioner's affidavit that" Mays fumbled for his gun during Mays and Wilson's altercation and that there was a "wrestle for control of the deadly weapon." Mot. [9] at 12-13.

8

evening Wilson murdered him and had threatened Wilson in the past. *Wilson*, 256 So. 3d 25. The court found that the evidence Wilson contended to be "newly discovered . . . was either known prior to trial, 'reasonably discoverable' at the time of trial, or 'merely cumulative.'" *Id.* at 27-28.

Most of the evidence that Wilson now claims is "newly discovered" was "always within the reach of [petitioner's] personal knowledge or reasonable investigation." *Hancock*, 906 F.3d at 390; *Wilson*, 256 So. 3d at 27-28. This includes the 2014 social media posts, Young, Thelma Wilson, and Hicks' testimony, the Ethyl Alcohol level report from January 23, 2015 (available prior to trial, which began on September 15, 2015), and the arrest warrants, which must have pre-dated Mays' death and therefore been available before Wilson's trial. Ex. [6-4]; Ex. [6-5]; Ex. [6-6]; Ex. [8-2] at 22-23; Mot [9] at 9-11; Ex. [9-3]; Ex. 8-7 at 2. Wilson cannot show that he could not have discovered this evidence concerning Mays' tendencies before trial. He even argues in his petition that his counsel "was ineffective in fail[ure] to investigate available eyewitnesses who would have testified [Wilson] acted in self[-]defense." Pet. [1] at 14. Moreover, Wilson presented other testimony about Mays' violent history at trial and his counsel put forth a self-defense theory in closing argument. Ex. [8-2] at 42-44; Ex. [8-8] at 10-11, 35, 39-41. The court also instructed the jury on self-defense. Ex. [8-6] at 47. That Wilson knew of Mays' propensity for violence prior to trial and proposed a self-defense instruction cements the conclusion that any evidence of Mays' propensity should have, and could have, been discovered before trial through investigation.

Wilson would not have had access to the 2016 and 2018 social media posts picturing Mays with a weapon before trial. Ex. [6-3]. That said, in light of this evidence, Wilson cannot show that no reasonable juror would have voted to find Wilson guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 324, 329. Indeed, this evidence, as well as the evidence discussed in the previous paragraph, is merely cumulative of evidence Wilson already presented at trial as part of his self-defense argument. *See Wilson*, 256 So. 3d at 28-29 (noting that Wilson presented evidence at trial that he was not the aggressor and that Mays was armed the evening before the murder); Ex. [8-8] at 10-11, 35, 39-41. Therefore, Wilson does not have a valid actual innocence claim.

    v.    **Wilson's Illegal Sentence Argument Is Without Merit**

Finally, Wilson unsuccessfully argues that his sentence is "illegal" and that his illegal sentence enables this Court to reach the merits of his Petition. Pet. [1] at 22-23; Mot. [9] at 4-5. While Wilson does not expand on what makes his sentence illegal, his claim does not exempt him from the statutory tolling period. *Watts v. Williams*, No. 3:20-cv-139-NBB-JMV, 2021 WL 1582775, at *3 (N.D. Miss. Apr. 22, 2021); *Johnson v. Hall*, No. 3:19-cv-567-TSL-MTP, 2020 WL 4590023, at *2 (S.D. Miss. June 26, 2020), *report and recommendation adopted*, 2020 WL 4587006.

    vi.    **Wilson's Second PCR Motion Does Not Affect Wilson's Tolling Period**

To the extent Wilson argues that his second PCR Motion alters the tolling analysis, this argument is rejected. *McCoy v. King*, No. 3:20-cv-235-HTW-MTP, 2020 WL 9066955, at *2 (S.D. Miss. Nov. 20, 2020) (citing *Scott v. Johnson*, 227 F.3d 260,

263 (5th Cir. 2000)) ("By the time Petitioner filed these [PCR] motions . . . the time for filing a federal habeas petition had already expired. Accordingly, these motions did not toll the limitation period."), *report and recommendation adopted*, 2021 WL 1207726.

### vii. Wilson's Motion for Leave to Amend Petition is Futile

If Wilson were allowed to amend his Petition to add newly discovered evidence, the amendment would be futile. As discussed above, the newly discovered evidence that Wilson seeks to add to his Petition does not provide him with a valid claim for actual innocence and therefore will not enable the Court to reach the merits of Wilson's time-barred Petition. Mot. [6]; *see supra* at 7-10; *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981) (finding that a potential amendment to a complaint would be futile where "the plaintiff could not have defeated the defendant's motion for summary judgment on the basis of the amended complaint"); *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984) (denying a motion to amend as futile because the amended claims lacked "substance" and the amendment would not alter the result of the case).

Accordingly, Respondent's Motion [7] to Dismiss the Petition [1] as time-barred should be granted and Petitioner's Motion [6] for Leave to Amend Petition denied as futile. To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

### III. RECOMMENDATION

Respondent's Motion to Dismiss [7] should be granted and Wilson's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus dismissed with prejudice as time barred under 28 U.S.C. § 2244(d). Petitioner's Motion [6] for Leave to Amend Petition should be denied as futile.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 28th day of June, 2023.

*s/* *Bradley W. Rath*
────────────────────────────
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

13