```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION


DANNY WILSON,
MDOC Inmate No. 199858                              PETITIONER

v.                     CIVIL ACTION NO. 5:22-cv-69-DCB-BWR

COMMISSIONER BURL CAIN                              RESPONDENT
```

ORDER

This matter is before the Court on Magistrate Judge Bradley W. Rath's Report and Recommendation [ECF No. 11] (the "R&R"). In the R&R, the magistrate judge recommends that the Court: (i) grant Commissioner Burl Cain ("Respondent")'s Motion to Dismiss [ECF No. 7]; (ii) dismiss with prejudice as time-barred Danny Wilson ("Petitioner")'s habeas petition [ECF No. 1]; and deny as futile Petitioner's Motion for Leave to Amend [ECF No. 6]. See [ECF No. 11] at 12.  Petitioner objected to the R&R in his "Notice of Right to Appeal/Objection to the Report and Recommendation", [ECF No. 12] ("Objection"), and in his "Addendum".  [ECF No. 14].  Respondent opposed Petitioner's Objection.  [ECF No. 13].  Also pending before the Court is Petitioner's Motion in Traverse regarding Respondent's Motion to Dismiss.  [ECF No. 9].

Having carefully reviewed the R&R, the parties' submissions, applicable statutory and case law, and being

1

otherwise fully informed of the premises, the Court finds as follows:

BACKGROUND

Petitioner filed his federal habeas petition under 28 U.S.C. § 2254 in this Court on August 12, 2022. [ECF No. 1]. The petition challenges Petitioner's 2015 first-degree murder conviction on the grounds of ineffective assistance of counsel, failure to receive a fair trial, and actual innocence based on a claim of self-defense. [ECF No. 1] at 2-23. Petitioner previously pursued and lost an appeal of his conviction before the Mississippi Court of Appeals, Wilson v. State, 256 So. 3d 25 (Miss. Ct. App. 2018), cert. denied, 254 So.3d 171, (Miss. 2018). Petitioner also pursued multiple attempts at post-conviction relief, each of which the Mississippi Supreme Court denied. [ECF Nos. 8-13 and 9-2].

STANDARD OF REVIEW

When a litigant files an objection to a magistrate's report and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).[1] "Such a review means that the

---

[1] 28 U.S.C.A. § 636(b)(1)(C) provides:

Court will examine the record and make an independent assessment of the law." Magee v. Comm'r of Soc. Sec., No. 1:12-cv-188, 2013 WL 4014986, at *1 (S.D. Miss. Aug. 6, 2013).  The district judge may (i) accept, reject, or modify the recommendation of the magistrate; (ii) receive further evidence in the case; or (iii) recommit the matter to the magistrate with further instructions.  Barnes v. Astrue, No. 3:08-CV-450-WHB-LRA, 2011 WL 13720, at *1 (S.D. Miss. Jan. 4, 2011); see also Gonzalez v. Gillis, No. 5:19-CV-108-DCB-MTP, 2020 WL 2922188, at *3 (S.D. Miss. June 3, 2020), aff'd sub nom. Gonzalez v. Gills, No. 20-60547, 2022 WL 1056099 (5th Cir. Apr. 8, 2022); 28 U.S.C.A. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

    The Court therefore will review de novo those portions of the R&R to which Petitioner has objected.  Those portions to

---

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C.A. § 636(b)(1)(C).

3

which no objection has been made will be reviewed for clear error.  Thomas v. Arn, 474 U.S. 140, 148 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds; United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); Dahl v. King, No. 1:09-CV-298HSO-JMR, 2012 WL 1070130, at *1 (S.D. Miss. Mar. 29, 2012) (where specific objections are not made to a magistrate judge's rulings, the district court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review).

## ANALYSIS

The dispositive issue in this case is the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. §2244.  In the R&R, Magistrate Judge Rath did a thorough and accurate analysis of the applicable statute of limitations,[2] which the Court adopts as

---

[2] The AEDPA statute of limitations applicable to this case provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

its own and incorporates by reference herein.  Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir.1993) (the district court is not required to reiterate the findings and conclusions of the magistrate judge); Dahl v. King, No. 1:09-CV-298HSO-JMR, 2012 WL 1070130, at *1 (S.D. Miss. Mar. 29, 2012).  The Court agrees with the magistrate judge's conclusion that Petitioner had until February 21, 2020, to file a timely § 2254 habeas petition.[3]

---

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(1)-(2)).

[3] The magistrate judge determined that Petitioner's state court conviction and sentence became final on January 16, 2019. Petitioner did not challenge that date in his Objection.  Under the AEDPA, Petitioner had one year from that date, or until January 16, 2020, plus thirty-six (36) days of statutory tolling for the time during which he unsuccessfully pursued his first post-conviction relief motion at the Mississippi Supreme Court. This results in a deadline of February 21, 2020, for Petitioner to file his habeas petition in this Court.  28 U.S.C. § 2244(d)(1)(A) and (d)(2).  The Court further agrees with the magistrate judge that Petitioner's second post-conviction relief motion does not entitle him to additional statutory tolling because his second motion was filed after the deadline for

5

Petitioner did not file his habeas petition until August 12, 2022.

Recognizing in his Objection that February 21, 2020, was the statutory deadline for filing his federal habeas petition, Petitioner counters that the COVID-19 pandemic "hinder[ed] and prevent[ed] his timely filing … [l]asting almost 3 years from 12-12-2019 to March of 2022 [] over-laping the February 21, 2020 date the Petitioner had to file his 28 U.S.C. § 2254." [ECF No. 12] at 4 (emphasis in the original). Essentially, Petitioner argues that he is entitled to equitable tolling of AEDPA's one-year limitations period because of COVID and because he "is serving an illegal sentence [that] is not subject to the timebar." Id. at 15 (emphasis in the original). The Court is not convinced.

The decision to apply equitable tolling rests within the "judicious discretion" of the district court and is limited to "rare and exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); Davis v. Johnson, 158 F.3d 806,

---

filing his federal habeas petition had expired. [ECF No. 11] at 10-11; McCoy v. King, No. 3:20-CV-235-HTW-MTP, 2020 WL 9066955, at *2 (S.D. Miss. Nov. 20, 2020), report and recommendation adopted, No. 3:20-CV-235-HTW-MTP, 2021 WL 1207726 (S.D. Miss. Mar. 30, 2021) (second and third post-conviction relief motions filed after the statue of limitations for filing a federal habeas petition had expired did not toll the limitation period).

811 (5th Cir. 1998). Petitioner bears the burden of proving rare and exceptional circumstances. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Having reviewed the record in this case, the Court finds no indication of the rare and exceptional circumstances that might warrant equitable tolling under the relevant caselaw.

First, numerous federal circuit and district courts have held that the COVID-19 pandemic does not satisfy the burden of proving rare and exceptional circumstances. E.g., Brown v. Holbrook, No. 21-35605, 2023 WL 2445685, at *1-2 (9th Cir. Mar. 10, 2023)(COVID pandemic did not give rise to "extraordinary circumstances"); Powell v. United States, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022)("Under this Court's precedents, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling."); Wells v. Cain, No. 3:22CV741 DPJ-LGI, 2023 WL 4417292, at *4 (S.D. Miss. May 31, 2023), report and recommendation adopted, No. 3:22-CV-741-DPJ-LGI, 2023 WL 4410940 (S.D. Miss. July 7, 2023)(petitioner's contention that the Covid-19 pandemic created extraordinary circumstances warranting equitable tolling was unavailing); Blake v. Cain, No. 4:20-CV-103-DMB-RP, 2021 WL 4979014, at *2, n.4 (N.D. Miss. Oct. 26, 2021) ("Because the deadline for filing his federal habeas petition began to run and expired *before* the

7

pandemic substantially impacted this country, it does not serve to equitably toll the limitations period for his habeas claims.").

Second, district courts in Mississippi consistently have held that a petitioner's claim of an illegal sentence is not grounds for equitable tolling of the statute of limitations. E.g., Watts v. Williams, No. 3:20CV139-NBB-JMV, 2021 WL 1582775, at *3 (N.D. Miss. Apr. 22, 2021) ("[Prisoner's] mistaken belief that his claim of an 'illegal sentence' cannot be barred does not entitle him to equitable tolling of the limitations period because a *pro se* prisoner's ignorance of the law or limited access to outside information also does not constitute a 'rare and exceptional' circumstance to excuse untimely filing."); Johnson v. Hall, No. 3:19-CV-567-TSL-MTP, 2020 WL 4590023, at *2 (S.D. Miss. June 26, 2020), report and recommendation adopted, No. 3:19CV567TSL-MTP, 2020 WL 4587006 (S.D. Miss. Aug. 10, 2020) (limitations period is not tolled due to petitioner's illegal sentence claim); Robinson v. Mississippi, No. 4:17-CV-145-DMB-DAS, 2019 WL 1307734, at *3 (N.D. Miss. Mar. 22, 2019) (a claim of illegal sentence is not an exception to the federal habeas corpus statute of limitations); Williams v. Mississippi, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018) (there is no illegal sentence exception to the federal limitations period); O'Neal v. Banks, No. 1:17CV22-SA-RP, 2017 WL 1483298, at *3 (N.D. Miss.

Apr. 25, 2017) (petitioner was not entitled to equitable tolling on the basis that he received an illegal sentence). The Court therefore agrees with the magistrate judge that equitable tolling is not warranted on this record and that Petitioner's habeas petition is time-barred.

Having found that the statute of limitations defense is case dispositive, the Court need not expressly address in this Order the parties' other claims and arguments. The Court notes, nonetheless, that it has considered all arguments of the parties, but those not addressed would not have changed the outcome.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Bradley W. Rath's Report and Recommendation [ECF No. 11] is ADOPTED as the findings and conclusions of the Court;

IT IS FURTHER ORDERED that Petitioner's Notice of Right to Appeal/Objection to the Report and Recommendation [ECF No. 12] is OVERRULED;

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss [ECF No. 7] is GRANTED; and

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [ECF No. 1] is DENIED, all remaining motions [ECF Nos. 6 and 9] are DENIED, and this case is DISMISSED with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 7th day of September 2023.

                                                      /s/   David Bramlette
                                              UNITED STATES DISTRICT JUDGE